**INTERNATIONAL PACKAGING CORPORATION et al.**

v.

**NRG COAL CORPORATION et al.**

No. 82–93–Appeal.

Supreme Court of Rhode Island.

March 5, 1982.

Gardner, Sawyer, Gates & Sloan, James M. Sloan III, Providence, Michael J. Murray, Pawtucket, for plaintiffs.

Winograd, Shine & Zacks, P.C., Allen P. Rubine, Providence, Edward S. Ellers, Philadelphia, Pa., Vetter & White, George M. Vetter, Gordon P. Cleary, Ralph J. Gonnella, Ltd., Providence, Paul S. Horvitz, Fall River, Mass., Paul V. Curcio, William J. McGair, Robert D. Fine, James T. Lodge, Providence, for defendants.

OPINION

PER CURIAM.

This appeal relates to the above-entitled case as well as three other cases [1] wherein the Provident National Bank of Philadelphia, Pennsylvania, (Provident) has been enjoined by the issuance of an ex parte restraining order from attempting to either negotiate certain promissory notes executed by the plaintiffs or draw upon certain letters of credit issued by various Rhode Island banks on behalf of the plaintiffs. The restraining order was issued on November 27, 1981, and is still operative by virtue of several continuances ordered by different Superior Court justices.

1. *John W. Conley v. NRG Coal Corp. et al.; John Naughton v. NRG Coal Corp. et al.*; and *Conley Casting Supply Corp. et al. v. NRG Coal Corp. et al.*

Provident has taken an appeal from the latest continuance, which has tentatively assigned the preliminary-injunction phase of this controversy to the Woonsocket trial calendar for May 3, 1982. Its appeal points to the pertinent provisions of Super.R. Civ.P. 65(b) which stipulate that any temporary restraining order granted without notice shall expire within ten days of issuance unless extended for an additional period either by consent or for good cause shown after a hearing and also stress that where a temporary restraining order is granted without notice, a hearing on the plaintiff's motion for a preliminary injunction shall be conducted as soon as possible. An examination of the record before us clearly reveals an almost complete lack of compliance with either the letter or the spirit of Super.R. Civ.P. 65(b).

Provident's appeal is sustained, the order continuing this case and the other cases to which we have alluded is vacated, and the records in each case are remitted to the Superior Court with direction that a consolidated hearing on the preliminary injunction sought by each of the plaintiffs shall be held within ten days following the issuance of this opinion.